HARDINGE BROTHERS, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 42148. Promulgated August 15, 1932.

*J. Robert Sherrod, Esq.*, and *F. O. Graves, Esq.*, for the petitioner.
*R. H. Transue, Esq.*, for the respondent.

## OPINION.

GOODRICH: This proceeding is for the redetermination of a deficiency in income taxes for the calendar year 1926, in the amount of $3,709.14. The sole question presented is whether certain of the net losses sustained by the petitioner's subsidiaries, Hardinge Oil Burner Corporation of Massachusetts and Hardinge Oil Burner Corporation of New York, prior to affiliation, should be deducted from the consolidated net income of the affiliated group for 1926.

The facts are stipulated as follows:

Hardinge Brothers, Inc., the petitioner herein, was organized as a corporation under the laws of the State of Illinois in 1908.

On January 27, 1926. Hardinge Brothers, Inc. acquired all the capital stock of Hardinge Oil Burner Corporation of Massachusetts.

On April 8, 1926, Hardinge Brothers, Inc. acquired all the capital stock of Hardinge Oil Burner Corporation of New York.

Hardinge Brothers, Inc. filed a Federal income tax return for the calendar year 1926, showing therein a consolidated net income of $6,657.18 for the following affiliated companies:

|  | Net Loss | Net Income |
|---|---|---|
| Hardinge Brothers, Inc | | $62, 251. 27 |
| Hardinge Oil Burner Corporation of Massachusetts | $3, 196. 65 | |
| Hardinge Oil Burner Corporation of New York | 52, 397. 44 | |
| | | 55, 594. 09 |
| Consolidated net income reported | | $6, 657. 18 |

In determining a net loss of $52,397.44 for Hardinge Oil Burner Corporation of New York for the calendar year 1926, there was deducted the sum of $13 511.86 representing a net loss sustained by said corporation during the calendar year 1925.

Hardinge Oil Burner Corporation of New York was organized as a corporation on January 13, 1925, and was not affiliated with any other corporation prior to April 8, 1926, when all of its capital stock was acquired by the petitioner. Said Hardinge Oil Burner Corporation of New York sustained statutory net losses as follows:

| | |
|---|---|
| January 13, 1925 to December 31, 1925 | $13, 511. 86 |
| January 1, 1926 to April 7, 1926 | 9, 234. 32 |
| April 8, 1926 to December 31, 1926 | 25, 158. 81 |

Hardinge Oil Burner Corporation of Massachusetts was not affiliated with any other corporation prior to January 28, 1926, when all of its capital stock was acquired by the petitioner. Said Hardinge Oil Burner Corporation of Massachusetts sustained statutory net losses as follows:

| | |
|---|---|
| 1924 | $12, 442. 49 |
| 1925 | 10, 913. 79 |
| January 1–27, 1926 | 236. 46 |
| January 28, 1926 to December 31, 1926 | 2, 960. 19 |

In the deficiency letter from which this appeal is taken, the respondent determined a consolidated net income of $29,527.39, as follows:

| | Net Loss | Net Income |
|---|---|---|
| Hardinge Brothers, Inc. (January 28–Dec. 31, 1926) | | $57,646.39 |
| Hardinge Oil Burner Corporation of Massachusetts (January 28–Dec. 31, 1926) | $2,960.19 | |
| Hardinge Oil Burner Corporation of New York (April 8,–Dec. 31, 1926) | 25,158.81 | |
| | | 28,119.00 |
| Consolidated net income | | 29,527.39 |

In arriving at such consolidated net income of $29,527.39, the respondent has deducted no part of the net losses sustained by Hardinge Oil Burner Corporation of Massachusetts and/or Hardinge Oil Burner Corporation of New York prior to affiliation with the petitioner.

Both Hardinge Oil Burner Corporation of Massachusetts and Hardinge Oil Burner Corporation of New York kept their books and made their returns on the basis of a calendar year for the years prior to affiliation as well as for the year 1926.

Petitioner contends that the net losses sustained by each of the subsidiary corporations during the year 1925 and the respective periods in 1926 prior to affiliation should be added together and applied against the income of the parent company (this petitioner) in determining the consolidated net income for 1926.

It is well settled that, in determining the consolidated income of an affiliated group, net losses sustained by any of the members thereof prior to affiliation may be applied thereafter not to the income of the group directly, but to the income of the member sustaining the loss. However, if such member has no income in the first year, but again sustains a net loss, the losses are not to be pyramided, but the first loss is to be carried over to the second succeeding taxable year. Then, if the corporation still has net income, the loss sustained in the second year may be applied, reduced by the amount thereof absorbed by the income of the group in that year. *Woolford Realty Co.* v. *Rose*, 286 U. S. 319; *Planters Cotton Oil Co.* v. *Hopkins*, 285 U. S. 533; *Swift & Co.* v. *United States*, 38 Fed. (2d) 365; *Delaware & Hudson Co.*, 26 B. T. A. 520; *Washburn Wire Co.*, 26 B. T. A. 464; *Summerfield Co.*, 26 B. T. A. 440; *Sailors Bros. Co.*, 26 B. T. A. 700; *Hennessey Realty Co.*, 26 B. T. A. 196; *Riley Stoker Corporation*, 26 B. T. A. 749.

As neither of the subsidiary companies here had net income during the affiliation period in 1926, there is nothing against which the net losses they sustained prior to affiliation may be applied in determining their separate incomes for the purpose of computing the net income of the group.

*Judgment will be entered for the respondent.*